# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| JHON CONQUEST, # 254836 | * |
| Plaintiff | * |
| v | * Civil Action Case No. CCB-10-3626 |
| CO E. LAYTON, CO II DAVIS. | * |
| Defendants | * |
| | *** |

## MEMORANDUM

Pending is Jhon Conquest's ("Conquest") prisoner civil rights complaint against defendants Eugene Layton ("Layton") and Matthew J. Davis ("Davis") filed pursuant to 42 U.S.C. § 1983. Defendants, by their counsel, have filed a motion to dismiss or, in the alternative, motion for summary judgment. Affidavits and materials outside the pleadings have been considered and defendants' dispositive motion shall be considered as one for summary judgment. *See* Fed. R. Civ. P. 12 and 56.[1] The case is ripe for disposition, and no hearing is deemed necessary. Local Rule 105.6 (D. Md. 2011). For the reasons that follow, defendants' motion for summary judgment will be granted.

**I.    Background**

Conquest, an inmate at Western Correctional Institution (WCI), is raising harassment, excessive force, and failure to protect claims. He alleges that Layton and Davis are verbally abusive, fasten his handcuffs so tightly that his wrists bruise, and spit in his food. Additionally, he complains that WCI has classified him as a member of a prison gang or "terrorist," thereby placing his life at risk.[2] He argues that if the institution documents him as a gang member, then he should

---

[1] The clerk notified the self-represented plaintiff of defendants' dispositive motion and his opportunity to file a reply. *See Roseboro v. Garrison*, 528 F.2d 309, 310 (4th Cir. 1975) (per curiam). No reply was received.

[2] As defendants note, Conquest does not allege that defendants were responsible for his classification, nor does he deny gang membership. Conquest provides no support for his claim that he has been classified as a "terrorist."

not be required to share a cell.

As relief Plaintiff wants compensation in the amount of $400.00 per day and an additional $450.00 in punitive damages per day. He does not elaborate the number of days for which he wants compensation. ECF No. 1, Complaint, 6. He also demands $1,500,000.00 in punitive damages. *Id.*

## II. Facts

Defendants have submitted verified exhibits which demonstrate that Conquest is a confirmed member of the "Black Gorilla Family" (BGF) gang. ECF No. 13, Exhibit A, Declaration of Tennille Winters With Attached Records, ¶ 4. Conquest was validated as a gang member by the Intelligence Coordinating Unit in accordance with Appendix 1 to Division of Correction Directive (DCD) 110.0035. *Id.*[3]

Because he is on disciplinary segregation, Conquest must be handcuffed and escorted by prison staff when out of his cell. ECF No. 13, Exhibit B, Declaration of Eugene Layton ¶ 4; Exhibit C, Declaration of Matthew Davis, ¶4. Layton and Davis attest that they have never noticed bruises on Conquest's hand from application of handcuffs. *See id*. Food is delivered to prisoners in disciplinary segregation by passing a meal tray through a feed slot, a narrow opening in the cell door. *See id*., Exhibit B, ¶ 3; Exhibit C, ¶ 3. Officers do not handle the food tray or serve inmates. This responsibility is assigned to inmates who work in the prison dietary department. *See id*. Correctional officers lock and unlock the feed slot for each cell. *See id*. Layton and Davis deny spitting in Conquest's food or using racial insults when addressing Conquest. *See id.,* Exhibit B, ¶¶ 2- 3; Exhibit C, ¶¶ 2-3.

---

[3] Pursuant to Division of Correction (DOC) policy, intelligence is gathered, interpreted and disseminated within the agency regarding "security threat groups" (STGs), defined as groups of three or more individuals who share a "distinctive goal, symbolism or philosophy" and "[p]ose a present or potential threat to the safety of staff, inmates or the public." *See* ECF No. 13, Exhibit A, Division of Correction Directive 110.0035, p. 6-7, 22-23.

Conquest has not filed a request for an administrative remedy (ARP) since 1999. *See id.,* Exhibit A, ¶ 3. He has not filed an ARP regarding any of the claims alleged in this complaint, about the treatment he has received from officers, his status as a gang member, his living situation, or concerns for his safety. *Id.*, ¶ 3.[4]

**III. Standard of Review**

    **A. Summary Judgment**

Rule 56(a) & (c) of the Federal Rules of Civil Procedure provides:

> A party may move for summary judgment, identifying each claim or defense--or the part of each claim or defense--on which summary judgment is sought. The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. The court should state on the record the reasons for granting or denying the motion.
>
> A party asserting that a fact cannot be or is genuinely disputed must support the assertion by citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

This does not mean that any factual dispute will defeat the motion:

> By its very terms, this standard provides that the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact.

*Anderson v. Liberty Lobby, Inc.*, 477 U. S. 242, 247-48 (1986) (emphasis in original).

---

[4] The Prison Litigation Reform Act of 1995 (PLRA) requires that "prisoners ... exhaust such administrative remedies as are available prior to filing suit in federal court." *Moore v. Bennette*, 517 F.3d 717, 725 (4th Cir. 2008) (internal quotation marks omitted) (quoting 42 U.S.C. § 1997e(a)). The PLRA applies to "all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532 (2002). Before bringing suit in federal court, "a prisoner must have utilized all available remedies 'in accordance with the applicable procedural rules,' so that prison officials have been given an opportunity to address the claims administratively." *Moore,* 517 F.3d at 725 (quoting *Woodford v. Ngo*, 548 U.S. 81, 88 (2006)). Exhaustion is mandatory and unexhausted claims may not be brought in court. *See Jones v. Bock,* 549 U.S. 199, 211 (2007). If he has failed to exhaust, Conquest's claims would be subject to dismissal on that basis alone.

The party seeking summary judgment bears an initial burden of demonstrating the absence of a genuine issue of material fact. *See Celotex Corp. v. Catrett,* 477 U.S. 317, 323 (1986). Once the moving party has met that burden, the non-moving party must come forward and demonstrate that such an issue does, in fact, exist. *See Matsushita Elec. Industrial Co., Ltd. v. Zenith Radio Corp.,* 475 U.S. 574, 586-87 (1986). "A party opposing a properly supported motion for summary judgment 'may not rest upon the mere allegations or denials of [his] pleadings,' but rather must 'set forth specific facts showing that there is a genuine issue for trial.'" *Bouchat v. Baltimore Ravens Football Club, Inc*., 346 F.3d 514, 525 (4th Cir. 2003) (quoting Fed. R. Civ. P. 56(e)); *see also Rivanna Trawlers Unlimited v. Thompson Trawlers, Inc.*, 840 F.2d 236, 240 (4th Cir. 1988).

The court generally must view all facts and draw all reasonable inferences in the light most favorable to the nonmoving party. *See Scott v. Harris,* 550 U.S. 372, 377 (2007). However, "facts must be viewed in the light most favorable to the nonmoving party only if there is a 'genuine' dispute as to those facts." *Id.* at 380.

## IV. DISCUSSION

### A. Harassment Claim

Conquest alleges that Officers Layton and Davis called him a "fucking porch monkey, half breed nigga oreo." Complaint, Part III. Conquest states that he feels threatened and is placed in fear. ECF No. 4, Plaintiff's correspondence.

The use of vile or vulgar language is not a basis for a § 1983 claim. Comments that may constitute verbal abuse or harassment by themselves do not rise to the level of an Eighth Amendment violation. *See De'Lonta v. Fulmore,* 745 F.Supp.2d 687, 691 (E.D. Va 2010); *Collins v. Cundy*, 603 F.2d 825, 827 (10th Cir. 1979), cited favorably in *Moody v. Grove*, 885 F.2d 865 (4th Cir. 1989) (stating that as a general rule verbal abuse of inmates by guards, without more, does not

4

state a constitutional claim) (unpublished). "The Constitution does not protect against all intrusions on one's peace of mind." *Pittsley v. Warish*, 927 F.2d 3, 7 (1st Cir. 1991). Verbal harassment or idle threats to an inmate, even to an extent that it causes an inmate fear or emotional anxiety, do not constitute an invasion of any identified liberty interest. *See Emmons v. McLaughlin*, 874 F.2d 351, 353-54 (6th Cir. 1989) (stating verbal threats causing fear for plaintiff's life not an infringement of a constitutional right); *Martin v. Sargent*, 780 F.2d 1334, 1338 (8th Cir.1985) (calling an inmate an obscene name did not violate constitutional rights); *Lamar v. Steele,* 698 F.2d 1286, 1286 (5th Cir.1983) ("Threats alone are not enough. A [§] 1983 claim only accrues when the threats or threatening conduct result in a constitutional deprivation.").

Using racial slurs and abusive language is vile, reprehensible, and unprofessional. It does not, however, form the basis for a § 1983 claim. Therefore, even accepting for purposes of summary judgment that such conduct in fact occurred, the defendants are entitled to summary judgment as to this claim as a matter of law.

### B. Food Claim

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws. *See West v. Atkins*, 487 U.S. 42, 48 (1988). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *See Albright v. Oliver*, 510 U.S. 266, 271 (1994). Spitting in an inmate's food is inexcusable if the conduct alleged is true, but Conquest's allegations do not amount to a claim of

constitutional dimension.[5] Notably, he fails to allege that he suffered any harm as a result of the alleged action.

### C. Excessive Force Claim

The Eighth Amendment prohibits prison officials from using force unnecessarily and wantonly to inflict pain on prisoners. *See Whitley v. Albers*, 475 U.S. 312, 319 (1986). When considering a prisoner's Eighth Amendment claim, the court must consider: 1) the objective nature of the force used and the resulting harm and 2) the subjective intent of the officers. *See Hudson v. McMillian*, 503 U.S. 1, 8 (1992). The objective component of the inquiry is "contextual and responsive to 'contemporary standards of decency.'" *Id*. (quoting *Estelle v. Gamble,* 429 U.S. 97, 103 (1976)). However, "[w]hen prison officials maliciously and sadistically use force to cause harm, contemporary standards of decency always are violated." *Id*. at 9. Thus, the crucial question is whether the force applied by the prison officials was "in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Id*. at 6-7. To make this determination, a court must balance factors such as the need for the application of force, the relationship between the need and the amount of force actually applied, and the extent of injury inflicted. *Id*. at 7.

In *Wilkins v. Gaddy*, __ U.S. ___, 130 S.Ct. 1175, 1178 (2010), the Supreme Court "rejected the notion that 'significant injury' is a threshold requirement for stating an excessive force claim," but this does not mean the extent or absence of serious injury is irrelevant. Instead, the extent of injury suffered is just one factor to account for in the analysis, "but does not end it." *See Hudson*, 503 U.S. at 7 ("The absence of serious injury is therefore relevant to the Eighth Amendment inquiry, but does not end it."). The extent of injury may also provide some indication of the amount

---
[5] Conquest does not allege whether spitting in his food was an isolated, occasional or ongoing occurrence. To the extent Conquest might have chosen not to eat the food after the conduct alleged, deprivation of a single or occasional meal is not a sufficiently serious risk to an inmate's health to invoke a prisoner's Eighth Amendment rights. *See White v. Gregory,* 1 F.3d 267, 269 (4th Cir.1993) (affirming dismissal of Eighth Amendment claim about missing one meal as frivolous and indisputably meritless).

of force applied. *See Wilkins*, 130 S.Ct at 1178. "The Eighth Amendment's prohibition of 'cruel and unusual' punishments necessarily excludes from constitutional recognition *de minimis* uses of physical force . . . ." *Id*. "An inmate who complains of a 'push or shove' that causes no discernible injury almost certainly fails to state a valid excessive force claim." *Id*. (internal quotations omitted).

In this case, Conquest does not allege defendants applied handcuffs maliciously or with intent to cause him pain. As discussed above, he was placed in handcuffs as a matter of prison policy for inmates in disciplinary segregation status. Further, Conquest does not claim to have complained to defendants that the handcuffs were too tight or caused him pain. He does not allege that he sought medical attention for the alleged bruises. As earlier noted, defendants attest they never noticed any bruises on Conquest's wrists. Under the facts alleged, Conquest fails to show that defendants acted with the requisite intent to use force to cause him harm. In light of the above, no genuine issue of fact is presented and defendants are entitled to summary judgment in their favor.

### D. Classification Claim

To the extent Conquest intends to raise a failure to protect claim by complaining that his classification as a member of a "Security Threat Group" or prison gang places him in danger, no facts are alleged to show that he is in peril. To prevail on an Eighth Amendment failure to protect claim, an inmate must establish that defendants exhibited deliberate or callous indifference to a specific known risk of harm. *See Pressly v. Hutto*, 816 F.2d 977, 979 (4th Cir. 1987). "[A] prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer v.*

*Brennan*, 511 U.S. 825, 837 (1994). Conquest fails to plead facts showing how the classification places him in danger. Further, he provides no evidence that either defendant was responsible for his classification.

Lastly, Conquest's suggestion that if he is documented as a gang member, then he is entitled to a single cell lacks merit. There is no constitutional right to occupy a single inmate cell [6] nor is there is a prison rule or policy mandating single cell placement for confirmed gang members. *See* Exhibit B, ¶ 5; Exhibit C, ¶ 5. Consequently, no issues of material fact are presented and defendants are entitled to summary judgment in their favor as a matter of law.

## V. CONCLUSION

For the reasons stated above, the court will grant defendants' motion for summary judgment. Judgment will be entered in favor of defendants. A separate order follows.

| | |
|---|---|
| December 13, 2011 | /s/ |
| Date | Catherine C. Blake |
| | United States District Judge |

---

[6] There is no constitutional guarantee of single cell housing in prison. The daily maintenance of security and order in a correctional institution are "considerations ... peculiarly within the province and professional expertise of corrections officials." *Bell v. Wolfish*, 441 U.S. 520, 547-48 (1979). Inmates do not have a constitutionally recognized liberty interest in a particular security classification or a constitutional right to be confined in a particular prison. *See, e.g., Meachum v. Fano*, 427 U.S. 215, 224 (1976).